**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

BRANDON HATTON                                                      PLAINTIFF

v.                                            4:20CV00254-LPR-JTK

JOHN STALEY, et al.                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.    Introduction

Plaintiff Brandon Hatton filed this pro se 42 U.S.C. § 1983 action alleging improper conditions of confinement while incarcerated at the Lonoke County Jail. (Doc. No. 2) By Order dated March 11, 2020, this Court granted Plaintiff's Motion to Proceed in forma pauperis and directed him to submit an Amended Complaint within thirty days, noting that he did not allege any specific allegations/facts with respect to the three named Defendants. (Doc. No. 3) When Plaintiff submitted a Notice of change of address which indicated his release from confinement, the Court re-mailed the March 11 Order to him at his new address on April 13, 2020. (Doc. No. 6) However, as of this date, Plaintiff has not submitted an Amended Complaint.

### II.    Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).    The Court must dismiss a complaint or portion thereof if the prisoner has raised claims

that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing <u>pro se</u>, his complaint must allege specific facts sufficient to state a claim. See <u>Martin v. Sargent</u>, 780 F .2d 1334, 1337 (8th Cir.1985).   An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).   In reviewing a <u>pro se</u> complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009), <u>citing</u> <u>Twombly</u>, 550 U.S. at 570.   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Twombly</u>, 550 U.S. at 556-7.   The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."   <u>Id</u>.

### III.    Facts and Analysis

Plaintiff alleged in his Complaint that he experienced overcrowding at the Jail and that the facility lacked several important safety features. He claimed Defendants Staley and Smith were aware of the activities at the facility and that Defendant Gebhardt failed to respond to his grievances. The Court noted in the March 12, 2020 Order that his Complaint failed to comply with FED.R.CIV.P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The Court then directed Plaintiff to file a short Amended Complaint which set forth one claim against the defendants involved, and specified what facts/allegations should be included in an Amended Complaint. (Doc. No. 3, pp. 3-4) The Court also cautioned Plaintiff that failure to comply could result in the dismissal without prejudice of his complaint. (Id., p. 5)

To support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Plaintiff stated in his Complaint that he was confined at the Jail for a parole violation. Although "[t]he Constitution does not mandate comfortable prisons," humane conditions of confinement include "adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). To support an Eighth Amendment violation, Plaintiff must prove the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by prison officials in condoning or creating the conditions. Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993). The "defendant's conduct must objectively rise to the level of a constitutional violation,...,by depriving the plaintiff of the 'minimal civilized measure of life's

necessities.'... The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004) (quoting Rhodes v. Chapman, 452 U.S. 337, 342 (1981) and Estelle v. Gamble, 429 U.S. 97, 104 (1977)).    "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety...." Wilson v. Seiter, 501 U.S. 294, 298-9 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).    Furthermore, "discomfort compelled by conditions of confinement, without more, does not violate the amendment."    Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984) (quoting Jackson v. Meachum, 699 F.2d 578, 581 (1st Cir. 1983).

    In this case, Plaintiff was not specific about the allegedly improper conditions of confinement, and did not allege any facts to support a finding of a deprivation of the minimal civilized measure of life's necessities.    At most, he expressed a discomfort over his conditions. In addition, his allegation that Defendant Gebhardt failed to respond to his grievances does not support a constitutional claim for relief. A "[prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates....it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (quoting Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982)). Plaintiff "does not have a federal claim regarding how his grievances were processed, investigated, or responded to, even if they were not done by the appropriate personnel or in accord with the policies." Edgar v. Crawford, No. 08-4279-CV-C-SOW, 2009 WL 3835265, *3 (W.D.Mo. 2009). It also appears that Plaintiff named Staley and Smith as Defendants based on their supervisory capacities, and a supervisor cannot be held liable on a theory of respondeat

superior for his or her employee's allegedly unconstitutional actions. See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation. Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993). Plaintiff's vague allegation that they were aware of what goes on at the Jail is insufficient to support a constitutional claim for relief against them.

Since Plaintiff's original Complaint failed to support a constitutional claim for relief, and because he failed to submit an Amended Complaint to clarify the claims against the Defendants, his Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint against Defendants be DISMISSED without prejudice, for failure to state a claim upon which relief may be granted.

2.      Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.      The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

---

[1]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

IT IS SO RECOMMENDED this 19th day of May, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE